## Bradley v. Schermer.

October 14, 1949.

J. M. Hayse and Nellie S. Hayse for appellant.

Morris & Garlove and S. Arnold Lynch for appellee.

JUDGE LATIMER—Affirming.

From a judgment in favor of plaintiff, Harry Scher-

mer, awarding him $500 as sale's commission, the defendant, Allen Bradley, prosecutes this appeal.

Appellant urges reversal on four grounds. The first three of these grounds in fact may be included in one. It is insisted that defendant was entitled to a peremptory instruction because (1) plaintiff's own proof showed that he was not the procuring cause of the sale; (2) because all negotiations, if any there were, had been abandoned; and (3) because of failure on part of plaintiff to establish by any probative proof that he notified the defendant that Elmer Lay was his prospective purchaser. The fourth ground goes to the instructions.

Appellant owned and operated what is known as the Ritz Grill situated at 1605 South Second Street, Louisville. On Sunday October 1, 1946, while appellee and his family were taking dinner at the Ritz Grill, appellant told appellee he would like to sell his business and lease the premises to the purchaser. He told appellee he was asking $12,500 for the restaurant and fixtures and as a part of the transaction he wanted to execute a five year lease on the premises to the purchaser at a monthly rental of $150. Whereupon, appellee informed appellant that he had a party in mind who might buy it. Appellant said: "Send him down. If I get $12,500 your commission is $500.00." Testimony further shows that appellee immediately contacted Mr. Lay, who afterwards became the purchaser.

Appellant seems to take the position that the sale was made as the result of an advertisement. That we might see definitely what induced Lay to look at the restaurant, we will incorporate herein the pertinent part of Mr. Lay's testimony. In response to the question as to what induced him to look at the Grill, he answered: "The ad and Mr. Schermer, both. He told me about it and I went up to see it. Mr. Bradley and Mrs. Bradley were both in there, but I didn't say anything to them. I thought the price was too high and the rent too high. I came back and told Mr. Schermer it was too high for me, I couldn't stand it; and the following day or so I saw an ad in the paper—I didn't know what the number was of the Ritz Grill, I mean the street number—and I saw an ad in the paper that said there was a restaurant for sale on South Second Street, 1416 or something like that, and

for $1,250 down. Well, I thought that was the Ritz Grill. So I went up, and Mr. Anderson was in there, and he introduced me to Mr. Bradley that morning. We got to talking about the place, and I asked him: 'How can you sell this place for $1,250.00 down?' He told me I must have been looking at the wrong place; said he didn't advertise it. I asked him if this was 1416. He said no, this was 1605; and the place I went up to look at that morning was the Bluegrass Grill, two squares from the Ritz, but by mistake I got in the Ritz Grill—that is where I thought I was going; and we got to talking and Mr. Bradley and I made a deal.''

Appellant is apparently seeking to apply the law governing real estate agency contracts. Such does not appear to us to be applicable here. See Stanley v. Brown, 303 Ky. 481, 198 S. W. 2d 35, for our determination of a somewhat similar matter. This action was predicated on an express oral contract that appellant would pay appellee $500 if he would send the person to whom the appellant made the sale.

Appellant quite readily admits in his testimony that he made the offer. Appellee, by his testimony and that of Mr. Lay, showed performance. Admittedly, the sale was made. It follows then that the "procuring factor" and abandonment as contended by appellant in (1) and (2) above must fail.

It is contended that the Court's instruction to find against appellant if the jury believed, that before the sale to Elmer Lay, appellant had been notified by appellee that Lay was the prospective purchaser, was erroneous in that it excluded from the consideration of the jury all other issues. We have already called attention to the fact that the only issues before the jury were (1) the offer to pay $500 if appellee would send a purchaser; and (2) whether or not the purchaser was sent.

Having admitted the offer, the remaining question was whether or not appellee sent the purchaser. The testimony was conflicting as to whether or not Shermer notified Bradley that Lay was the prospective purchaser. Appellee testified that he so notified appellant. Appellant denies this and insists that such failure did not give him the opportunity to protect himself. However, it will be observed that the purchase price of the restaurant

was $12,500. If it was necessary for appellee so to notify the appellant, although we are not passing on that question, obviously, under the conflicting testimony relative to same, it was for the jury to decide whether or not such notice was given. There is no merit in this complaint.

Appellee has raised the question as to the failure upon part of appellant to offer other instructions. However, it is not necessary to discuss that matter here.

The judgment is affirmed.